IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALTON MINTON, ) | |
| Reg. No. 19353-075, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:14-CV-86-TFM |
| ) | [WO] |
| DENNIS STAMPER, WARDEN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This is a *pro se* petition for a writ of habeas corpus filed by a federal prisoner under 28 U.S.C. § 2241. Under 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to having the United States Magistrate Judge conduct all proceedings and order the entry of final judgment.

**I. BACKGROUND**

When he filed this petition, Petitioner was a federal inmate incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama, serving a sentence of thirty-three months followed by three years supervised release for Wire Fraud in violation of Title 18 U.S.C. §§ 1343 & 2, imposed by the United States District Court for the Middle District of Tennessee. He argues in his petition that the Federal Bureau of Prisons ["BOP"] failed to properly consider the mandated statutory criteria in determining the duration of his placement in a residential reentry center ("RRC") or halfway house for the final portion of his federal sentence, in violation of the Second Chance Act. Petitioner had a projected release date of December 17, 2014, via Good Conduct Time Release. *Doc. No. 17, Exhs. 1, 2.*

Respondent filed an answer arguing that the 28 U.S.C. § 2241 petition for writ of habeas corpus is due to be dismissed because Petitioner failed to exhaust his available administrative remedies regarding the BOP's determination of the duration of Petitioner's placement in a RRC for the final portion of his federal sentence. *Doc. No. 17.* In addition, Respondent argued the petition for habeas corpus relief is due to be denied because Petitioner is entitled to no relief on his claims. *Id.* The court granted Petitioner an opportunity to respond to Respondent's answer and he did so. *Doc. No. 20.*

The Second Chance Act amended 18 U.S.C. §§ 3621(a) and 3624(c). Under the Second Chance Act, the BOP staff must review inmates for RRC placement 17 to 19 months before their projected release date, and inmates are to be individually considered using the five factors listed in § 3621(b). It appears from the court's docket and information obtained from the BOP's website (*available at* https://www.bop.gov/inmateloc/) that Petitioner was released from custody during the pendency of this action.

## II. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive, it is possible for events subsequent to filing the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147

(1975).  Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  Federal courts may not rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).  Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id.*

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

Petitioner's ultimate objective in filing this action was to secure his release to a RCC or halfway house for service of the final portion of his federal sentence under the Second Chance Act.  Since Petitioner has been released from custody, there is no longer a case or controversy to litigate.  *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

### III. CONCLUSION

Accordingly, the court finds that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Petitioner Alton Minton should be DISMISSED as moot since a more favorable decision on the merits would not entitle him to any additional relief.

A separate final judgment will be entered.

DONE, this 2nd day of February 2016.

                                        /s/Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES MAGISTRATE JUDGE